FRED H. GILLETT

*v.*

STATE OF ILLINOIS.

*Opinion filed December 22, 1916.*

RESPONDEAT SUPERIOR—*doctrine of not applicable to State.* The rule of *respondeat superior* is not applicable to the State.

CLAIMS—*rejection of without prejudice.* The court reviews the evidence and rejects the claim without prejudice to the claimant to present it to the Legislature.

John H. Savage and John W. Downey, for Claimant.

P. J. Lucey, Attorney General, for State.

Claimant while employed as a guard at the Illinois State Penitentiary at Joliet, Illinois, was assaulted and injured by one of the convicts under his charge on the night of January 24, 1915. He was struck on the head by a brick thrown by the convict, causing a compound fracture of the skull, and as a result of the injuries sustained, claimant has been left in a weakened condition, and is unable to perform his usual occupation or do other manual labor requiring much exertion.

The assault was wilful and malicious on the part of the convict in question, and claimant at the time of receiving the injury, was in the performance of his duties and was free from any negligence.

In the case of *Schmidt* v. *State,* 1 Ct. of Cl. R. at page 76, which is case similar to the one before us, this Court held that the State was not liable to an employee of the Southern Illinois Penitentiary at Menard, who had been assaulted and injured by one of the convicts in that institution.

In *Taylor* v. *State,* 2 Ct. of Cl. R., page 243, in which an employee of the Illinois State Penitentiary sought an award for injuries suffered by reason of the negligence of another employee of the State, it was held that the rule of *respondeat superior* does not apply to the State, and the claim was denied.

While the rule as announced in the above cases precludes our giving an award to the claimant, still recognizing the seriousness of claimant's injuries, together with all the other attending circumstances in the case, we do not wish to prevent him from presenting his claim to the Legislature, and this claim is therefore rejected without prejudice.